[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12861

Non-Argument Calendar

_____

OTIS GAMBLE, III,

Plaintiff-Appellant,

*versus*

ALLSTATE INSURANCE CO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00684-WKW-CWB

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Otis Gamble, III, sued Allstate Insurance Co. over his right to payment from certain life insurance policies. But he did not establish any basis for a federal court to hear his lawsuit. We therefore affirm the district court's dismissal of his case.

Gamble began this pro se lawsuit in 2019, alleging that he was entitled to funds from life insurance policies issued by Allstate and that he unsuccessfully tried to litigate this claim in state court. A magistrate judge granted Gamble's motion to proceed in forma pauperis and conducted a pretrial screening of the complaint under 28 U.S.C. § 1915(e). The magistrate judge determined that Gamble's complaint did not explain the federal court's basis for jurisdiction or allege facts that, if true, would justify relief from a federal court. So she ordered Gamble to file an amended complaint. He did so, but the magistrate judge determined that the amended complaint suffered from "many—if not all—of the same fatal flaws" of the first complaint, and that it failed "to allege sufficient facts to invoke either federal question jurisdiction . . . or diversity jurisdiction." The district court agreed and ordered the complaint dismissed without prejudice. Gamble appealed to this Court, and we now review the district court's judgment of dismissal.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  That means that Gamble had to show why his case fell within the district court's jurisdiction before the court could rule on the merits of his complaint.  In his amended complaint, Gamble copied portions of the federal question and diversity jurisdiction statutes.  But he did not allege any facts that, if true, would suggest either (1) that his case involved the Constitution or laws of the United States federal government, or (2) that he was a citizen of a different state than Allstate and that the amount in controversy between them was greater than $75,000.  And on appeal, Gamble does not explain why the district court actually had jurisdiction over his case.  Because the district court had no reason to think that it had power to hear this lawsuit, it had no choice but to dismiss Gamble's amended complaint.

We **AFFIRM.**